NOT DESIGNATED FOR PUBLICATION

No. 129,864

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHANEL SADE TOLIVER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; GRANT D. BANNISTER, judge. Submitted without oral argument. Opinion filed August 7, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before BOLTON FLEMING, P.J., HILL and GARDNER, JJ.

PER CURIAM: Chanel Sade Toliver appeals the revocation of her probation. This court granted Toliver's request for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48) in lieu of briefs. After reviewing the record, we affirm.

Toliver was convicted of battery of a law enforcement officer, criminal threat, and battery. The district court sentenced Toliver to 27 months in prison, but she received a dispositional departure to 24 months' probation. Later, the district court found Toliver had violated the terms of her probation. The district court extended Toliver's probation for 12 months and ordered a quick dip sanction.

1

Sometime later, the State filed a second motion to revoke Toliver's probation. Toliver stipulated that she violated her probation but asked that she be given another opportunity on probation. The district court denied Toliver's request and ordered her to serve her prison sentence but modified the sentence from 27 months to 24 months.

On appeal, Toliver claims the district court abused its discretion because it acted unreasonably. Toliver believes she should have received another opportunity on probation because she presented evidence of her treatment efforts.

The decision to revoke probation involves two steps: (1) a factual determination that the probationer violated the probation condition; and (2) a discretionary determination of the appropriate disposition in light of the proved violations. *State v. Horton*, 308 Kan. 757, 760-61, 423 P.3d 548 (2018). The first step is met because Toliver admitted to violating her probation.

A judicial action "constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact." *State v. Peters*, 319 Kan. 492, 497, 555 P.3d 1134 (2024). "The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion." *Peters*, 319 Kan. at 497-98.

A district court abuses its discretion to revoke probation only "if no reasonable person would have taken the court's position." *State v. Dunham*, 58 Kan. App. 2d 519, 528-29, 472 P.3d 604 (2020). Toliver was granted a dispositional departure at sentencing and had been given two opportunities on probation. Based on these facts, a reasonable person could agree with the district court's decision.

Affirmed.

2